COMPILER

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| SOUTH PACIFIC PETROLEUM CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>HANOM INVESTMENT, INC., BRIAN Y. SUHR, MICHAEL S. HAHM, GI TAE KIM, and WOO JONG KIM,<br><br>Defendants. | CIVIL CASE NO. CV0840-09<br><br>**DECISION AND ORDER** |
| SOUTH PACIFIC PETROLEUM CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>PARADISE WINGS GUAM, LLC, BRIAN Y. SUHR, MICHAEL S. HAHM, GI TAE KIM, and WOO JONG KIM,<br><br>Defendants. | CIVIL CASE NO. CV0845-09<br><br>**DECISION AND ORDER** |
| SOUTH PACIFIC PETROLEUM CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ACCESS DEVELOPMENT, INC., BRIAN Y. | CIVIL CASE NO. CV0887-09<br><br>**DECISION AND ORDER** |

SUHR, MICHAEL S. HAHM, GI TAE KIM, and WOO JONG KIM,

                    Defendants.

 

SOUTH PACIFIC PETROLEUM CORPORATION,

                    Plaintiff,

          v.

SHERWOOD PACIFIC INVESTMENT HOLDINGS, LIMITED, BRIAN Y. SUHR, MICHAEL S. HAHM, GI TAE KIM, WOO JONG KIM, JAE JYOON RHIM, and JIN HEE JUNG

                    Defendants.

CIVIL CASE NO. CV0904-09

**DECISION AND ORDER**

SOUTH PACIFIC PETROLEUM CORPORATION,

                    Plaintiff,

          v.

ACCESS DEVELOPMENT, INC., BECCO GUAM, INC., BRIAN Y. SUHR, MICHAEL S. HAHM, GI TAE KIM, and WOO JONG KIM, and DOES 1–20,

                    Defendants.

CIVIL CASE NO. CV0580-10

**DECISION AND ORDER**

## INTRODUCTION

These matters came before the HONORABLE ARTHUR R. BARCINAS on the 24th day of October, 2012, upon review of a "request" for default judgment against Defendant Woo Jong Kim made in each of the above-captioned cases. Attorney Mark S. Smith represents the

Plaintiff, and Defendant Woo Jong Kim has not yet made an appearance in any of the cases listed. The Court now issues the following Decision and Order on the matter.

## DISCUSSION

The issue of personal jurisdiction arises in all of these cases because the Plaintiff has requested that the Court enter a default judgment against Defendant Woo Jong Kim in each case. This order was sought by the filing of a document entitled "Declaration and Request for Entry of Default and Entry of Default" on July 31, 2012 and the submission of a document proposed for the Court's signature, entitled "Default Judgment," on July 26, 2012.

**A) Failure to File a Motion in Compliance with the Local Rules of the Superior Court of Guam**

Pursuant to Rule 7(b)(1) of the Guam Rules of Civil Procedure, "[a]n application to the court for an order shall be by motion . . . ." GRCP Rule 7(b)(1)(2012). CVR 7.1(b) requires that motions must be made in writing, and must follow a particular form, "[e]very motion shall be presented in writing," and "the moving party must present a motion, which will contain the date on which the motion will be heard, as provided for in CVR Rule 7.1(e)(2)."

Pursuant to Rule 7.1(a) of the Local Rules of the Superior Court of Guam, "the provisions of this rule shall apply to *motions, applications, petitions*, orders to show cause, *and all other proceedings* except a trial on the merits and applications for a temporary restraining order . . . ." CVR 7.1(a)(2012)(emphases added). This local rule further emphasizes that "applications" to the Court and any requests for the issuance of an order are subject to the rules governing motions. Therefore, any application requesting that the Court take action must follow the format prescribed by CVR Rule 7.1.

Pursuant to CVR 7.1(e)(2):

Counsel for the parties must file an "Agreement of Hearing Date," in a form shown below in Attachment "CVR 7.1A." It shall be the responsibility of the moving party or his attorney to contact the attorney for each party who has entered an appearance, or if the party(ies) are pro se, it is the moving party's responsibility to contact the pro se party and propose a date for oral argument. Once the parties have agreed on a date for oral argument, the moving party shall clear the date with the chambers clerk. When the date has been cleared with the clerk, that date shall be inserted in the "Agreement of Hearing Date." If the parties do not agree on a date for oral argument or *if a party has not entered an appearance, the moving party may submit the "Agreement of Hearing Date" to the Court with a notation that the non-moving party does not agree or is not available,* in which event the Court shall either determine the hearing date or determine that no oral argument shall be scheduled and the motion shall proceed to briefing and disposition under CVR 7.1(e)(4), in the Court's discretion.

Local Rules of the Superior Court of Guam, CVR Rule 7.1 (e)(2) (2012)(emphasis added).

Thus, even if no other party has yet appeared in the action, if the Plaintiff is seeking action from the Court on a matter, the Plaintiff must still submit a written motion accompanied by an "Agreement of Hearing Date Form."

Under CVR Rule 7.1(f), "Papers not timely filed by a party including any memoranda or other papers required to be filed under this Rule shall not be considered without leave of court." Under CVR 7.1(k), "The Court need not consider motions, oppositions to motions or briefs or memoranda that do not comply with this Rule," and "the failure to comply fully with this Rule subjects the offender at the discretion of the Court to the sanctions of General Rule 2.1." CVR 7.1(k)(2012).

Under GR 2.1:

The violation of or failure to conform to any of these General Rules, the Guam Rules of Civil Procedure, or the Local Rules of the Superior Court of Guam – Civil Rules shall subject the offending party or counsel to such penalties, including monetary sanctions and/or the imposition of costs and attorney's fees to opposing counsel, as the Court may deem appropriate under the circumstances.

Local Rules of the Superior Court of Guam GR 2.1 (2012).

Under CVR Rule 7.1(k), the Court need not consider the Plaintiff's request in any of the listed cases, as it does not comply with CVR 7.1.

Because the Court finds that any application for an order must be made by motion which fully complies with the Guam Rules of Civil Procedure and the Local Rules of the Superior Court of Guam, the Court finds that the Plaintiff's request for an entry of default judgment made in each of the listed cases does not comply and may therefore, be STRICKEN on this basis. However, the Court finds that the request fails for further reason, as more thoroughly discussed in the following analysis.

**B) Personal Jurisdiction and Service**

A court must have jurisdiction over a defendant's person, his or her property, or the *res* which is the subject of the suit; further, the defendant must be amenable to and must receive service of process. These are the concepts that embody personal jurisdiction and service as required for due process of law. A court may not enter a valid judgment in the absence of the proper exercise of personal jurisdiction after proper service. Pennoyer v. Neff, 95 U.S. 714, 716 (1877)("said judgment is *in personam*, and appears to have been given without the appearance of the defendant in the action, or personal service of the summons upon him, and while he was a non-resident of the State, and is, therefore, void"); New York Life Insurance Co. v. Dunlevy, 241 U.S. 518, 522–23 (1916); Hansberry v. Lee, 311 U.S. 32, 40 (1940)("It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment *in personam* in a litigation . . .to which he has not been made a party by service of process.").

Traditionally, personal jurisdiction was based on the defendant's actual presence within the territorial power of a particular court. However, in more recent jurisprudence, the defendant need only have sufficient contacts with the forum, and proper service so that the maintenance of

a suit against him or her in a jurisdiction does not "offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The purpose of the minimum contacts test "is to protect a defendant from the travail of defending in a distant forum, unless the defendant's contacts with the forum make it just to force him to defend there." Phillips Petroleum Company v. Shutts, 472 U.S. 797, 807–808 (1985).

In addition to establishing minimum contacts (or jurisdiction over the *res* of the suit), before a court may exercise its power of personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 444–45 (1946); *see also* Robertson v. Railroad Labor Bd., 268 U.S. 619, 622–23 (1925).

Prior to 1993, three prerequisites needed to be satisfied before a court could exercise personal jurisdiction over a non-resident defendant; 1) a constitutionally sufficient relationship must exist between the defendant and the forum; 2) a basis for the defendant's amenability to service of summons must exist; and 3) the procedural requirement of service of summons must be satisfied by notice to the defendant. Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 103–104, and n.6 (1987).

In 1987, in Omni Capital International v. Rudolf Wolff & Company, Ltd., the Supreme Court held that international service on a foreign defendant under the Commodities Exchange Act, which was silent on service in a foreign country at the time, was ineffective under former Rule 4(h), due to lack of amenability to service. The Court held:

> [B]efore a court may exercise personal jurisdiction over a defendant, there must
> be more than notice to the defendant and a constitutionally sufficient relationship

between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons. Absent consent, this means there must be authorization for service of summons on the defendant. Thus, under Rule 4(e), a federal court normally looks either to a federal statute or to the long-arm statute of the State in which it sits to determine whether a defendant is amenable to service, a prerequisite to its exercise of personal jurisdiction.

Id. at 104–105.

"Amenability," therefore, means the existence of an explicit federal provision for international service or the existence of a state long-arm statute which authorizes such service. See Id.; and Mwani v. bin Laden, 417 F.3d 1, 8–9 (D.C. Cir. 2005).

However, "amenability" to service, even for foreign residents, has been substantively eliminated as an issue in cases under the Federal Rules of Civil Procedure, because in 1993, the Advisory Committee on Civil Rules replaced the former Federal Rule Rule 4(i) with what is now Rule 4(f). Subdivision (f) of Rule 4 is a comprehensive provision for service of a summons and complaint on individuals residing in a foreign country. The history of the rule, the Practice Notes and the 1993 Advisory Committee Notes indicate that the new Rule 4(f) was drafted in response to the United States Supreme Court's decision in Omni Capital International, such that its enactment would nullify Omni's amenability requirement that there be explicit authorization by state or federal law for service outside the United States. According to the Note of the Advisory Committee: "[g]iven the substantial increase in the number of international transactions and events that are the subject of litigation in federal courts, it is appropriate to infer a general legislative authority to effect service on defendants in a foreign country." Advisory Committee on Civil Rules, Note to Subdivision (f) (1993). The texts of Rule 4(f) and (k) facilitate the use of state long-arm statutes to assert jurisdiction over defendants who cannot be served under state law, but who can be constitutionally subjected to the jurisdiction of a

particular court through minimum contacts or the physical location of subject property, by legislatively authorizing service on those foreign resident individuals.

Because the Guam Rules of Civil Procedure are directly derived from the 2003 Federal Rules of Civil Procedure, federal cases interpreting the rules constitute highly persuasive authority in Guam. People v. Diaz, 2007 Guam 3 ¶ 14, n.4. Therefore, since the 1993 amendment to the Federal Rules of Procedure and Guam's adoption of these amended rules, including Rule 4(f), in order to establish that the Superior Court of Guam has jurisdiction over a particular defendant the Plaintiff must show through its pleadings or other evidence: 1) that service of process has properly been effected; and 2) that there is a constitutionally valid basis for the exercise of personal jurisdiction by the Court.

Any judgment entered against a defendant who fails to appear cannot be enforced if the court has never established jurisdiction over the defendant through proper service. Bixler v. Foster, 596 F.3d 751, 761–62 (10th Cir. 2010). More significantly, a default judgment obtained against a resident of a foreign nation who is not properly served under Rule 4(f) is void for lack of personal jurisdiction and must be vacated. Shenouda v. Mehanna, 203 F.R.D. 166, 171–72 (D. N.J. 2001). The Supreme Court of Guam has adopted these concepts with regard to default judgments in Guam, stating: "[w]hen it is found that there has been defective service of process, the judgment is void . . . .'" Pineda v. Pineda, 2005 Guam 10 ¶ 19 (quoting In re Cossio, 163 B.R. 150, 154 (B.A.P. 9th Cir. 1994) (citation omitted)).

A court has an affirmative duty to *sua sponte* examine its jurisdiction over the parties when an entry of default judgment is sought against a party who has failed to plead, appear, or otherwise defend against the action, to ensure that it does not enter a void judgment. System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy, 242 F.3d 322, 324 (5th Cir. 2001); *accord*

Mwani v. bin Laden, 417 F.3d 1, 6 (D.C. Cir. 2005); Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp., 115 F.3d 767, 772 (10th Cir.1997); *see also* Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp., 619 F.3d 207, 213–14 (2d Cir. 2010); and In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). A failure to serve process will lead to a dismissal of the action; however, the court should not resolve the question without first giving the plaintiff an adequate opportunity to assert facts establishing the court's jurisdiction over the defendant. In re Tuli, 172 F.3d 707, 713 (9th Cir. 1999). The plaintiff bears the initial burden of establishing jurisdiction, but the court "ordinarily demands only a prima facie showing of jurisdiction by the plaintiff[ ]." Mwani v. bin Laden, 417 F.3d 1, 6–7 (D.C. Cir. 2005).

The Plaintiff's declaration and request submitted in support of the Plaintiff's request for default judgment are deficient in substantial respects regarding this *prima facie* showing that proper personal service has been effected. Rule 4(e) of the Guam Rules of Civil Procedure requires that *if* a person against whom an action is filed is a resident of Guam or any other jurisdiction of the United States, they must be served either: (1) under the laws of Guam; (2) "as prescribed by the law of the place where the person is served;" or (3) in person, or at his residence by leaving it with a household member of suitable age, or by serving the person's agent. GRCP Rule 4(e)(2012). However, if the Defendant is not a resident of Guam or any jurisdiction of the United States, then personal service must be made under GRCP Rule 4(f), as the legislatively authorized method of service on residents of foreign nations, and may no longer be made "in any manner prescribed or authorized by the laws of Guam," as permitted under GRCP Rule 4(e)(1), but instead must be made in conformity with GRCP Rule 4(f).

The Plaintiff's First Amended Complaint in CV0840-09 states that "Defendant Woo Jong Kim ("W. J. Kim") is and was a resident of Seoul Korea for all relevant time periods

alleged herein." <u>South Pacific Petroleum Corp. v. Access Development, Inc., et al</u>, Civil Case No. CV0840-09, Compl., p. 2, ¶ 6 (filed June 9, 2009). The remainder of the listed cases contain identical statements, with the exception of the Plaintiff's complaint in CV0887-09, which states that "Defendant Wong(sic) Jong Kim ("W. J. Kim") is and was a resident of Seoul Korea for all relevant time periods alleged herein." <u>South Pacific Petroleum Corp. v. Access Development, Inc., et al</u>, Civil Case No. CV0887-09, Compl., p. 2, ¶ 6 (filed June 5, 2009). It is apparent that Defendant Woo Jong Kim is a foreign resident of South Korea.

In order for the Court to properly enter a default judgment, it has to appear from either the declaration of service or other verified document that service of process was properly effected on the Defendant against whom default judgment will be entered. In this case, there are no allegations which would lead the Court to believe that the Defendant is subject to service of process under the laws of Guam. In fact, the statements contained in the record, including the complaint and the declaration of service, lead the Court to the opposite conclusion, i.e., that Defendant Woo Jong Kim is a resident of a foreign country, and is therefore, not subject to service of process under Guam law.

From the Plaintiff's allegations and declaration of service, Defendant Woo Jong Kim is not a resident of Guam nor a resident of any United States Jurisdiction. It is apparent that Defendant Woo Jong Kim is a foreign resident of South Korea.

Rule 4(e)(1), allowing for service of process through publication under statute, is only applicable where the defendant resides in a jurisdiction of the United States. <u>Elisan Entertainment, Inc. v. Suazo</u>, 206 F.R.D. 335, 335–38 (D. Puerto Rico 2002). "[W]hile it is true that the current Fed.R.Civ.P. 4(e)(1) permits the use of state law to perform extraterritorial service, by its own terms, its usage is strictly limited to service upon individuals within 'any

judicial district of the United States.'" Id., at 336. Service of process on foreign residents "must be made pursuant to Fed.R.Civ.P. 4(f)." Id. There is a special procedure for serving residents of foreign nations under Rule 4(f):

> [W]hen a party seeks to serve process on an individual residing in a foreign country, the Court must follow this two (2) prong test: first it must ascertain whether the foreign country in which the party to be served is residing has entered into any international agreement with the United States, such as the Hauge(sic) Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters of November 15, 1965, which is specifically mentioned by Rule 4(f)(1). If there is no applicable internationally agreement which might provide a reasonable means of service, then the party serving process must do so using one of the several methods provided by subsection (f)(2).

Id.

Because Defendant Woo Jong Kim is not, nor has never been a resident of Guam or any United States jurisdiction, and is, in fact, a resident of South Korea, as declared by the Plaintiff: 1) personal service under Rule 4(e)(1) is not applicable; and 2) service under GRCP Rule 4(f) must be effected as a precursor to the exercise of personal jurisdiction over the Defendant, and entry of judgment, as no evidence that a waiver has been obtained from the Defendant has been provided to the Court by the Plaintiff. Id.

South Korea is a party to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters (hereinafter "Hague Service Convention"). GRCP Rule 4(f)(1) is applicable in such an instance. As Guam has specifically adopted Rule 4(f)(1) from the Federal Rules of Civil Procedure, the Plaintiff was required to comply with the Hague Service convention. Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 699 (1988) (compliance with the service requirements of the Hague Convention under Rule 4(f) is mandatory when serving a foreign defendant in a signatory country); cf. Societe Nationale Industrielle Aerospatiale v. United States District Court, 482 U.S. 522, 534 n.

15, (1987). The Hague Service Convention is an international treaty. The United States ratified the treaty in 1969, and South Korea did so in 2000. There are no state law exceptions to the application of the Hague Service Convention, because once ratified and determined applicable, an international treaty becomes "the supreme Law of the Land" and every state or territorial judge shall be bound by it. U.S. Const. art. VI, cl. 2. "By virtue of the Supremacy Clause, U.S. Const., Art. VI, the Convention pre-empts inconsistent methods of service prescribed by state law in all cases to which it applies." Volkswagenwerk, 486 U.S. at 699. Accordingly, this international treaty applies to all civil cases "where there is occasion to transmit a judicial or extrajudicial document for service abroad," including this action, and the Court cannot simply allow personal service under Rule 4(e)(1) or apply local law to override the constitution and international laws and treaties therein incorporated. Id., and Ward v. Ludwig, 778 N.E.2d 650, 689–90 (Ohio App. 4 Dist. 2002)(quoting 20 U.S.T. 361, 362, T.I.A.S. No. 6638, art. 1, aka, the Hague Service Convention).

Under the Hague Service Convention, each signatory country is required to designate a "Central Authority" to accept incoming requests for service, which are made using a standardized "request for service" form and a "summary of proceedings" form. 20 U.S.T. 362, T.I.A.S. 6638, Art. 2. A "Judicial Officer" who is competent to serve process in the place of origin is permitted to send the request for service and the summary of proceedings form directly to the Central Authority of the country where service is to be made. Id., Art. 3. Upon receiving the request and the summary, the Central Authority in the receiving country arranges for service in a manner permitted within the receiving country, typically through a local court to the defendant's residence. Id., Art. 5. Once service is effected, the Central Authority sends a standard form certificate of service to the party who made the request. Id., Art. 6. Parties

Decision and Order
Civil Case Nos. CV840-09; CV845-09; CV0887-09; CV904-09; and CV580-10; South Pacific Petroleum Corp. v.
Access Development, Inc., et al.

attempting service are required to use the standardized forms specified in the Hague Service Convention.

In particular, Under Articles 8, 10, 15, and 21 of the Hague Service Convention, South Korea prohibits service from another country using any other method of service outside of the formalities of the Hague Service Convention:

> Pursuant to Article 8, the Republic of Korea objects to service of judicial documents directly through diplomatic or consular agents upon persons in its territory, unless the document is to be served upon a national of the State in which the documents originate. Pursuant to Article 10, the Republic of Korea objects to the following: (a) the freedom to send judicial documents by postal channels, directly to persons abroad, b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officials or other competent persons of the State of destination. c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

*Hague Conference on Private International Law*, hcch.org, http://www.hcch.net/index_en.php?act=status.comment&csid=408&disp=resdn (last visited October 30, 2012).

Perhaps most importantly, because the Defendant is a resident of South Korea who must be served under the Hague Service Convention, Rule 4(l) regarding proof of service, contains a special provision for proving foreign service to the Court, specifically requiring that if process is served in a foreign country by any of the methods described in Rule 4(f)(1), including the Hague Service Convention, the proof of service must include the formalized certificate of service establishing that the document was served by the method showing compliance with the law of the receiving country which is satisfactory to the court. GRCP Rule 4(1)(2012) ("Proof of service in a place not within Guam or any other jurisdiction of the United States, its territories, commonwealths, or possessions shall, if effected under paragraph (1) of subdivision

(f), be made pursuant to the applicable treaty or convention, . . . ."); and 20 U.S.T. 362, T.I.A.S. 6638, Art. 6. For the obvious reason that a foreign Defendant will usually not be present in the forum jurisdiction, this requirement is intended to assure the Court that the process was properly served in the foreign country. Only upon the provision of this proof of service may the Court be assured that it may properly exercise personal jurisdiction over the foreign Defendant.

The Court currently has been provided no acceptable proof of service, and absolutely no proof of service under the Hague Service Convention and GRCP Rule 4(f)(1) in South Korea, as required. Instead, the Court has evidence of service under GRCP Rule 4(e)(1). This is insufficient to effect proper service upon Defendant Woo Jong Kim.

In Saysavanh v. Saysavanh, 145 P.3d 1166 (Utah App. 2006), Husband filed an amended petition for divorce in Utah seeking dissolution of marriage from Wife, who lived in Mexico. Id. at 1167. Approximately one week later, Husband filed a motion for alternative service pursuant to Rule 4(d)(3)(B)(iii) of the Utah Rules of Civil Procedure. Id. Like the Guam Rules of Civil Procedure, the Utah Rules of Civil Procedure were directly derived from the Federal Rules of Civil Procedure. The trial court granted the motion for alternative service, and the next month, the court clerk mailed an Amended Verified Petition for Divorce, a summons, a Motion for Order to Show Cause, and an Order to Show Cause to Wife in Mexico, requesting a return receipt. Id. at 1167–68. The receipt was later returned to the court clerk unsigned and without any other indication that the documents had been delivered to Wife. Id. Wife did not appear at the hearing to show cause. Id. Despite Wife's absence, the trial court granted Husband's motion for order to show cause, and subsequently entered a default decree of divorce. Id. Upon becoming aware of the default divorce decree, Wife immediately obtained counsel in Utah and filed a motion to set aside the default decree of divorce pursuant to Rule

60(b) on the basis of lack of personal jurisdiction. Id. The trial court denied the motion to set aside the default decree and held that Husband "made every effort possible to apprise [Wife] of the divorce proceedings, including strict compliance with Rule 4(d)(3)(B)(iii) of the Utah Rules of Civil Procedure." Id.

The Court of Appeals of Utah reversed the trial court's decision, finding that where the rules set forth a particular manner of effecting international service, particularly the Hague Service Convention, as an international treaty, that manner of service is controlling and strict compliance is required, stating:

> Rule 4 of the Utah Rules of Civil Procedure governs service of process, and subsection 4(d)(3) specifically governs service of process in a foreign country. See Utah R. Civ. P. 4(d)(3). In order to determine which part of subsection 4(d)(3) is applicable, we first assess whether there is an internationally agreed means of service in Mexico, "such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Utah R. Civ. P. 4(d)(3)(A). If there exists an internationally agreed means of service between the countries, rule 4(d)(3)(A) is applicable. See id. If there is no internationally agreed means of service, rule 4(d)(3)(B) is applicable. See Utah R. Civ. P 4(d)(3)(B).

Id.

Finding that Husband had served Wife under Rule 4(d)(3)(B), instead of Rule 4(d)(3)(A) and the Hague Service Convention, the appellate court held that the default decree was improperly entered against Wife: "Husband has failed to properly serve Wife according to rule 4(d) of the Utah Rules of Civil Procedure and the Hague Service Convention. As a result, service of process was not properly effectuated and the trial court lacks personal jurisdiction. We therefore reverse the trial court's denial of Wife's motion to set aside the default decree of divorce." Id. at 1169.

Similarly, in Ward v. Ludwig, 778 N.E.2d 650 (Ohio Ct. App. 2002), following the entry of a default decree of divorce, Wife, a German citizen, entered an appearance for limited

Decision and Order
Civil Case Nos. CV840-09; CV845-09; CV0887-09; CV904-09; and CV580-10; South Pacific Petroleum Corp. v.
Access Development, Inc., et al.

purpose of contesting the trial court's jurisdiction and petitioning to vacate the judgment. Id. at 651. The trial court denied the petition. Id. The Ohio Court of Appeals overturned the trial court, holding that the decree of divorce was void for lack of service. Id. at 652–53. The appellate court found that Husband, who filed the action while Wife was living in Germany, was required to comply with the provisions of the Hague Service Convention, which was adopted by Germany, and even though Wife had received actual notice of the complaint and related papers, it was error for the trial court to allow alternative service by registered mail. Id.

The point of these cases is clear. In order for the trial court to enter a valid and binding default judgment against a resident of a foreign nation, service must be validly made in that country under the proper rule of procedure, and any applicable international service provisions, particularly the Hague Service Convention, as between countries which have entered into this international treaty. Service which does not comply with a specifically applicable foreign service provision, such as the Hague Service Convention, is invalid, and no judgment may be entered thereon, even if actual personal service has been effected under a different rule. Between signatory countries, where applicable, the Hague Service Convention is controlling and immutable. Because proof of service under the Hague Service Convention has not been established, at this time, the Court must DENY the issuance of default judgment requested by the Plaintiff.

The method of service already attempted by the Plaintiff does not conform to the proper methods of effecting international service, in that the Defendant is a resident of South Korea, and personal service under GRCP Rule 4(f)(1) and the Hague Service Convention has never been attempted. Further, Plaintiff's declaration proves to the Court that the Plaintiff's first attempt at service, however improper, occurred far outside of the time period permitted for

service in a civil action, in all of the listed cases. Service under Rule 4 must be made within 180 days of the filing of the complaint, but may be extended by the Court for good cause upon a timely request for an extension. GRCP Rule 4(c)(1), and (m)(2012). In these cases, the Plaintiff has never asked for an extension, either prior to, or subsequent to the 180 day time limit, and did not even attempt its improper service under Rule 4(e)(1) in CV0840-09, CV0845-09, CV0887-09, and CV0904-09 until more than two years after the filing of the complaints. Even in CV0580-10, the most recently filed case, the Plaintiff did not make its improper attempt at service until approximately one year and five months had elapsed from the filing of the complaint. Plaintiff fails to explain its failure to even attempt to comply with the Hague Service Convention, and its more egregious failure to attempt any service within a reasonable time frame, or even to request an extension to make its attempt. Consequently, the Court currently has no personal jurisdiction over Defendant Woo Jong Kim in any of these cases. As no personal jurisdiction has ever been acquired by the Court over Defendant Woo Jong Kim, the claims against him must be dismissed for that reason, and the Court may do so "on its own initiative." GRCP Rule 4(m)(2012); *see also* Vanderbilt v. Vanderbilt, 354 U.S. 416, 418 (1957); Hansberry v. Lee, 311 U.S. 32, 40–41(1940); and Pennoyer v. Neff, 95 U.S. 714 (1878).

The Plaintiff's own documents prove that the Plaintiff has failed to even attempt proper and timely service upon Defendant Woo Jong Kim under the Hague Service Convention and Rule 4(f)(1) in any reasonable time frame, and the complaints in CV0840-09, CV0845-09, CV0887-09, CV0904-09, and CV0580-10 must now be DISMISSED against Defendant Woo Jong Kim for these reasons.

//

## CONCLUSION

Based upon its review of the complaints and declaration of service, as part of the analysis of the request for a default judgment against Defendant Woo Jong Kim in each of the listed cases, the Court finds that the Plaintiff has failed to prove proper and timely service upon Defendant Woo Jong Kim under the Hague Service Convention, as required by GRCP Rules 4(f)(1), 4(l), and 4(m). The Plaintiff has further failed to ever properly request an extension of time to serve Defendant Woo Jong Kim under Rules 4(m) and 6(b)(1) or (2). Accordingly, the Court DENIES the entry of default judgment in each of the listed cases, and further, the complaints in CV0840-09, CV0845-09, CV0887-09, CV0904-09, and CV0580-10 are DISMISSED against Defendant Woo Jong Kim.

**IT IS SO ORDERED** this ___APR 0 9 2013_____.

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

APR 0 9 2013

Cynthia T. Tiong
Deputy Clerk, Superior Court of Guam